```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


MAMADOU KRUMAH,                  :
                                 :  Civil Action No. 13-4249 (SDW)
          Petitioner,            :
                                 :
     v.                          :     OPINION
                                 :
ROY HENDRICKS, et al.,           :
                                 :
          Respondents.           :
```

**APPEARANCES:**

    MAMADOU KRUMAH, Petitioner *Pro Se*
    A096 429 919
    Essex County Correctional Facility
    354 Doremus Avenue
    Newark, New Jersey 07105

**WIGENTON**, District Judge

Petitioner Mamadou Krumah ("Petitioner"), an immigration detainee presently confined at the Essex County Correctional Facility in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging his mandatory detention during his immigration removal proceedings. The sole proper respondent is Roy Hendricks,

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

Warden/Administrator at the Essex County Correctional Facility, where Petitioner is in custody.[2] Because it appears from review of the petition that Petitioner is not entitled to the relief he seeks at this time, the Court will dismiss the petition without prejudice.

I. BACKGROUND

Petitioner Mamadou Krumah is a native and citizen of Liberia, who was lawfully admitted to the United States in August 1995. (Petition at 3.) On December 4, 2012, Petitioner was taken into custody by the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") pending removal proceedings, and he has remained in detention since that date. (*Id.*)

Petitioner filed this action on July 10, 2013. Petitioner challenges his mandatory detention without a bond hearing as unconstitutional and in violation of his right to due process under the Fifth Amendment, because he has remained in custody

---

[2] Petitioner also has named various remote federal officials as respondents. The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held. Accordingly, Administrator Hendricks is the only properly named respondent in this action, and the other named respondents shall be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

for longer than six months.  Citing *Demore v. Kim*, 538 U.S. 510, 513 (2004) and *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner argues that Congress did not intend that mandatory detention for lengthy and indefinite periods during and following removal proceedings.  (Pet. at 4-8.)  He seeks a declaratory judgment that he is entitled to an individualized bond hearing and his immediate release from custody.  (*Id*. at 10.)

## II. DISCUSSION

A. Jurisdiction

Pursuant to 28 U.S.C. § 2241(c)(3), habeas jurisdiction "shall not extend to a prisoner unless ... he is in custody in violation of the Constitution or laws or treaties of the United States."  A federal court has subject matter jurisdiction under § 2241(c)(3) if: (1) the petitioner is "in custody," and (2) the custody is in violation of the Constitution or treaties of the United States.  *See id*.  This Court has jurisdiction over the petition as plaintiff was detained within its jurisdiction at the time he filed the petition, *see Spencer v. Kemma*, 523 U.S. 1, 7 (1998), and because he asserts that his continued detainment violates the Constitution.  Finally, the Court of Appeals for the Third Circuit directs that "[t]he submissions of

3

aliens proceeding pro se are to be liberally construed."
*Alexander v. Attorney General*, 495 F. App'x 274, 276 (3d Cir. 2012) (citing *Diop v. ICE/Homeland Security*, 656 F.3d 221, 224 (3d Cir. 2011)).

B.  Analysis

Petitioner contends that his prolonged detention during his removal proceedings is unconstitutional under the Due Process Clause of the Fifth Amendment.[3]

1. *Relevant Statutes*

The relevant statutory authority to detain an alien depends on where the alien is in the removal process.  Section 1226 of Title 8 of the United States Code governs a pre-removal period detention claim.  Section 1226(c) provides for the detention of specified criminal aliens during removal proceedings, provided the detention does not continue for a prolonged period of time. *See* 8 U.S.C. § 1226(c); *Diop*, 656 F.3d at 232 ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is

---

[3] The Due Process Clause of the Fifth Amendment provides that "No person shall ... be deprived of life, liberty, or property, without due process of law."  U.S. CONST. amend. V.

consistent with the law's purposes of preventing flight and dangers to the community."). Section 1231(a)(2) mandates detention during the removal period established in Section 1231(a)(1)(B), stating that "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).

Under 8 U.S.C. § 1231(a)(1)(B), the removal period begins at the latest of several events. Specifically, the statute directs that:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

In this case, it appears from Petitioner's allegations that he is in pre-removal detention during the pendency of his removal proceedings. Accordingly, Section 1226(c) is applicable.

2. *Petitioner's Pre-Removal Period Detention*

In *Diop*, the Third Circuit held that "§ 1226(c) contains an implicit limitation of reasonableness: the statute authorizes

5

only mandatory detention that is reasonable in length.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof." 656 F.3d at 235. The Third Circuit accordingly ruled that Diop's pre-removal detention period of thirty-five months was unreasonable in length. *See id.; see also Leslie v. Attorney Gen. of United States*, 678 F.3d 265, 271 (3d Cir. 2012) (holding that four-year detention is unreasonably long).

The Third Circuit held that reviewing courts "must exercise their independent judgment as to what is reasonable." *Diop*, 656 F.3d at 234. The Court of Appeals adopted a "fact-dependent inquiry" in *Diop*, "requiring an assessment of all of the circumstances of any given case." *Id*. The facts of *Diop* showed that Diop had faced extensive delays in his removal proceedings due to errors by the Immigration Judge and the Government in failing to ensure the evidence needed. *See id*. Likewise, in *Leslie*, the Third Circuit found petitioner had endured a four-year detention, which had been delayed by the immigration court, and "ultimately remanded for further proceedings, due entirely to clerical errors made by the immigration judge." *Leslie*, 678 F.3d at 271. The Third Circuit quoted a Sixth Circuit case,

6

cited by Petitioner here, which noted: "'Although an alien may be responsible for seeking relief, he is not responsible for the amount of time that such determinations may take.'" *Id*. (citing *Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003)).

District Courts in this circuit considering the reasonableness of pre-removal period detention under *Diop* have reached varying conclusions. For example, Chief Judge Yvette Kane ruled that an alien's seven-month pre-removal period detention under § 1226(c) was not unreasonably prolonged, since the Supreme Court had found the petitioner's six-month detention constitutional in *Demore*. *See Hernandez v. Sabol*, 823 F. Supp.2d 266, 272-73 (M.D.Pa. 2011). Judge Faith S. Hochberg similarly ruled that a pre-removal order detention period of thirteen months was not unreasonable. *See Espinoza-Loor v. Holder*, Civ. No. 11-6993, 2012 WL 2951642, *7 (D.N.J. Jul. 2, 2012). See also *Bete v. Holder*, Civ. No. 11-6405 (SRC), 2012 WL 1067747 (D.N.J. Mar. 29, 2012) (Chesler, J.) (finding that petitioner's pre-removal-period detention for 12 months had not become unreasonable in length under *Diop*). Notably, Judge William J. Martini held in *Maynard v. Hendrix*, Civ. No. 11-0605 (WJM), 2011 WL 6176202, *3-4 (D.N.J. Dec. 12, 2011), that, where Maynard's detention for 18 months was primarily the result of

7

his having requested 10 continuances before the Immigration Judge, his pre-removal period detention was not unreasonable in length.  In contrast, in *Gupta v. Sabol*, Civ. No. 1:11-CV-1081, 2011 WL 3897964, *3 (M.D.Pa. Sept. 6, 2011), Judge Christopher C. Conner held that, where the Board of Immigration Appeals had remanded the matter to the Immigration Judge once, the Immigration Judge had again ordered Gupta's removal to India, and a second appeal to the BIA was pending, Gupta's pre-removal period detention for 20 months was unreasonable under *Diop*.

In this case, the length of Petitioner's pre=removal period detention was merely six months at the time he filed this petition.  Moreover, Petitioner has not alleged any delays or continuances by the Government with regard to his removal proceedings.  Finally, a comparison of Petitioner's detention to *Diop*'s (35 months) and *Leslie*'s (four years) indicates that his detention for six months has not become unreasonable in length. Under these circumstances, this Court will dismiss the Petition. The Court emphasizes, however, that the dismissal is without prejudice to Petitioner filing another § 2241 petition in the event that Petitioner believes his detention has become unreasonable.

IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241. However, the denial is without prejudice to the filing of another § 2241 petition should Petitioner's detention become unreasonable. An appropriate Order follows.

                                               *s/ Susan D. Wigenton*
                                               SUSAN D. WIGENTON
                                               United States District Judge

Dated: October 28, 2013